**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID WILLIAMS. | * |
| ADC # 78730 | * |
|        Plaintiff, | * |
| v. | * |
| | * |
| BRENDA PERRY, Grievance Officer, East | * |
| Arkansas Regional Unit, Arkansas | * |
| Department of Correction; ESSIE CLAY, | *   No. 2:10-cv-00030-SWW-JJV |
| Disciplinary Hearing Officer, East Arkansas | * |
| Regional Unit, Arkansas Department of | * |
| Correction; and GREG HARMON, Warden, | * |
| East Arkansas Regional Unit, Arkansas | * |
| Department of Correction, | * |
| | * |
|        Defendants. | * |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, David Williams, an inmate in the Varner Unit of the Arkansas Department of Correction (ADC) has filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging denial of due process and retaliatory discipline.  In an Order dated April 23, 2010 (Doc. No. 13), Plaintiff's due process claim was dismissed for failure to state a claim upon which relief could be granted.  Defendants have now filed a Motion for Summary Judgment (Doc. No. 69) in which they allege Plaintiff cannot establish a *prima facie* case of retaliatory discipline and that he has not suffered a constitutional injury.  (Doc. No. 69).  After careful review, the Court recommends that Defendants' Motion for Summary Judgment be granted and Plaintiff's Complaint (Doc. No. 2) be dismissed with prejudice.

**I.     BACKGROUND**

    **A.     ADC Grievance Procedure**

Pursuant to the ADC Inmate Grievance Procedure, Administrative Directive 04-01 (AD 04-01), inmates are first required to seek an informal resolution of their problems prior to filing a formal grievance. (Doc. No. 69-2 at 2). An Informal Resolution Form must be submitted within fifteen days of the incident in question and is to include "a brief statement that is specific as to the substance of the complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate." (*Id.*). If an informal resolution of the inmate's problem is not reached, the inmate may then submit a Formal Grievance Form. (Doc. No. 70 ¶ 4). In accordance with AD 04-01(F)(3), the inmate is to include in the space provided "the same statement written on the Informal Resolution Form." (*Id.* at ¶ 5). ADC staff have interpreted Section F(3) as meaning the inmate's statement on the Formal Grievance Form must be identical to the statement on the Informal Grievance Form. (*Id.* at ¶ 6).

Inmates are permitted to file up to three grievances per week. (Doc. No. 69-4 ¶ 5). ADC procedure prohibits the frivolous[1] and vexatious[2] use of the grievance process. (Doc. No. 70 ¶¶ 10, 11). If an inmate abuses the grievance process, ADC staff may issue the inmate a major disciplinary. (*Id.* at ¶ 13).

    **B.     Specific Facts**

On April 4, 2004, Plaintiff was housed at the Varner Unit of ADC and filed grievance VSM

---

[1] A frivolous grievance is "a grievance that is clearly insufficient on its face and is readily recognizable as devoid of merit nor does it provide a sufficient basis for appeal. (Doc. No. 69-2 at 4).

[2] A vexatious grievance is "a grievance which agitates, harasses or irritates by petty provocation and is not designed to lead to any practical result." (Doc. No. 69-2 at 4).

04-1343, in which he complained that AD 04-01(F)'s requirement that he write the same statement on his Informal Resolution Form and Formal Grievance was redundant and wasted his ink. (Doc. No. 70 ¶¶ 14, 15). In the written response to Plaintiff's grievance, Varner's Deputy Director found that Section F had been incorrectly interpreted (*Id.* at ¶ 16), and stated:

> AD 04-01 does state, "This statement must be the same statement as written on the Informal Resolution form." Policy does not state that the statements made on the formal grievance form are to be verbatim of that written on the informal grievance form. However, the issue raised in the formal grievance should be the same as in the informal grievance.

(Doc. No.69-3 at 4).

While at the ADC East Arkansas Regional Unit (EARU), between June 2006 and September 2006, Plaintiff filed several formal grievances[3] on which, instead of writing out a brief statement, he wrote "See Resolution Verbatim." (Doc. No. 70 ¶¶ 19, 33; Doc. No.69-4 at 7; Doc. No.69-5 at 1; Doc. No. 69-6 at 8). During this time period, Plaintiff received several written grievance responses informing him that: (1) his grievances did not contain a specific complaint; (2) he was to provide a clear brief statement on his Formal Grievance Form; (3) the statement on his Informal Resolution Form and Formal Grievance Form must match; and (4) writing "See Resolution Verbatim" was not acceptable. (Doc. No. 70 ¶¶ 20, 22, 23). Each grievance was either returned to Plaintiff "without consideration" or declared moot.[4] (*Id.* at ¶¶ 20, 22, 23, 24, 26).

Following Plaintiff's filing of EAM 06-0968 and EAM 06-0969, he was given a highlighted

---

[3] EAM 06-00816; EAM 06-875; EAM 06-894; EAM 06-0968; EAM 06-0969; EAM 06-1320; EAM 06-1347; EAM 06-1348; EAM 06-1349.

[4] Plaintiff filed appeals in EAM 06-816, EAM 06-875, EAM 06-894, EAM 06-968, EAM 06-969. (Doc. No. 69, Defs.' Ex. D, E1, E7, E11). EARU's Deputy Director denied the appeals in EAM 06-816, EAM 06-875; EAM 06-968, and EAM 06-969. (Doc. No. 69, Defs.' Ex. D, E1, E7). In EAM 06-894, the Deputy Director found that no corrective or further action was necessary and considered the matter resolved/closed. (Doc. No. 69, Defs.' Ex. E11).

copy of AD 04-01. (*Id.* at ¶¶ 24, 26). Thereafter, on September 10, 2006, Plaintiff filed EAM 06-1320, where he once again wrote "See Resolution Verbatim" in the complaint area. (*Id.* at ¶ 28). In response to this grievance, Warden Harmon wrote:

> I have advised you time and time again that your grievance form and informal resolution form must pertain to the same incident. This is explained in AD 04-01 and on the grievance form. However, your blatant disregard to follow proper procedure leaves me no other recourse but to return your grievance without content consideration. You are advised inmate Williams, that if you want a proper response in the future that you follow procedure as outlined in AD 04-01. Therefore this complaint is considered vague, frivolous, vexatious and without merit.

(Doc. No. 69-1, p. 39).

Following this admonition, grievance officer Brenda Perry received three Formal Grievance Forms (EAM 06-1347, EAM 06-1348, and EAM 06-1349) from Plaintiff on September 20, 2006. (Doc. No. 70 ¶¶ 36, 37; Doc. No. 69-6 at 8-10). In the complaint area for each statement Plaintiff had written, "See Resolution Verbatim." (Doc. No. 70 ¶ 36). Operating under the impression that Plaintiff's Formal Grievance Form had to contain the same statement as on his Informal Resolution Form, Perry issued Plaintiff a major disciplinary because of his "flagrant disregard for ADC policy and procedure." (*Id.* at ¶¶ 38, 39).

A major disciplinary hearing was held on September 26, 2006, with Essie Clay presiding. (*Id.* ¶¶ 61, 62). During the hearing, evidence was presented showing that Plaintiff failed to obey direct written orders from staff to write out a brief statement in the complaint area of his Formal Grievance Form. (Doc. No. 69-6). At the conclusion of the hearing, Clay found Plaintiff guilty of failing to obey a direct order from staff (Doc. No. 70 at ¶ 64) and he received a fifteen day restriction on commissary and phone use. (*Id.* at ¶ 63). Plaintiff appealed the disciplinary and Warden Harmon affirmed. (*Id.* at ¶¶ 68, 69). On October 13, 2006, without explanation, the Disciplinary Hearing Administrator reversed the disciplinary. (*Id.* at ¶ 70).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the evidence before the Court shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Hartsford v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008); *Earnest v. Courtney*, 64 F.3d 365, 366-67 (8th Cir. 1995). When ruling on a motion for summary judgment, the Court will view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence so as to permit a finding in the nonmoving party's favor on more than mere speculation, conjecture, or fantasy. *Id.*

## III. ANALYSIS

### A. Retaliatory Discipline

A prisoner may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights. *Bandy-Bey v. Crist*, 578 F.3d 763, 766 (8th Cir. 2009); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). A prisoner may also maintain a cause of action for retaliatory discipline by alleging that false disciplinary charges were filed against the prisoner. *Cowans v. Warren*, 150 F.3d 910, 911 (8th Cir. 1998). To establish a *prima facie* case of retaliatory discipline, a prisoner must show that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline. *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009); *Meuir v. Greene Cnty. Emp.*, 487 F.3d 1115, 1119 (8th Cir. 2007). A prisoner will succeed on his claim of retaliatory discipline if he can

prove that, but for an unconstitutional retaliatory motive, the discipline would not have been imposed. *See Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999); *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996).

If the discipline which the prisoner claims is retaliatory was in fact imposed for an actual violation of prison rules or regulations, the prisoner's claim must fail. *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). Thus, a defendant may successfully defend a retaliatory discipline claim by submitting "some evidence" establishing that the prisoner actually committed a rule violation. *Bandy-Bey*, 578 F.3d at 766; *Hartsfield*, 511 F.3d at 829. Ascertaining whether a defendant has submitted "some evidence" does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The relevant question is, instead, whether there is any evidence in the record before the court that could support conclusions reached by the defendants. *Id.* at 455-56.

Defendants argue that Plaintiff violated "an ADC rule, policy, or regulation" and his retaliatory discipline claim should, therefore, be dismissed. (Doc. No. 71 at 10). After carefully reviewing the facts of this case, the Court finds that Defendants have submitted some evidence establishing that Plaintiff violated an ADC rule or policy. ADC's grievance procedure requires inmates to write a brief statement on their Formal Grievance Form that is similar to the one written on the inmate's Informal Resolution Form. Defendants submitted evidence establishing that prior to Plaintiff being issued the major disciplinary, he received numerous written grievance responses explaining that writing "See Resolution Verbatim" in the complaint area of his Formal Grievance Form was not acceptable. Despite these responses, on September 20, 2008, Plaintiff filed three grievances on which he wrote "See Resolution Verbatim" instead of a brief statement. Furthermore,

Plaintiff admits that his use of "See Resolution Verbatim" did not comply with ADC's grievance procedure. (Doc. No. 69-1 at 36).

Plaintiff's use of "See Resolution Verbatim" violated ADC policy and procedure. Plaintiff's retaliatory discipline claim thus fails as a matter of law and Defendants' Motion for Summary Judgment should be GRANTED.[5]

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 69) should be GRANTED.

2. Plaintiff's Complaint (Doc. No. 2) should be DISMISSED with prejudice.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order adopting the recommendation, and the accompanying judgment, would not be taken in good faith.

DATED this 1st day of April, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants also correctly argue that Plaintiff has not suffered a physical injury, and thus is not entitled to damages. The PLRA provides that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody, without a showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) is a limitation on § 1983 damages. *Kahle v. Leonard*, 563 F.3d 736, 742 (8th Cir. 2009); *see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). Plaintiff does not dispute that he has not suffered an injury. (Doc. No. 79 at 11). The Court thus finds that because Plaintiff lacks proof of a physical injury, he can not recover damages for emotional distress.